Ellis *v.* Ellis.

---

---

† ELLIS *versus* ELLIS.

An assignment of partition fences, by fence viewers, under § 5 of c. 29, R. S., to be binding, must be recorded in the town clerk's office of the town where the land is situated.

Without *such record* a neglect by one of the co-terminous proprietors to build the part assigned to him, will not render him liable to an action for double the expense of building it, by the other.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

This was a suit to recover double the expense of building a partition fence assigned to defendant.

The parties were owners of adjacent lands in Belgrade, and having disagreed as to their respective rights therein, the plaintiff proved an application to two fence viewers of that town to assign to each his share of the partition fence.

The plaintiff also introduced the assignment of the partition fence, and proof of the notices required by the statute. He also produced proof that the part assigned to defendant was built by himself after the expiration of the time fixed by the fence viewers for building the same.

The certificate of the fence viewers of their adjudication of the sufficiency of the fence so built by plaintiffs, of its value and their fees, was read, and proof was given of a demand of payment of the value and charges more than one month prior to the suit.

There was no proof that the assignment had been recorded by either party in the town clerk's office in Belgrade.

The plaintiff rested his case upon the testimony, and the Court inclining to the opinion that the action could not be maintained, it was agreed to have it reported for the decision of the full Court; and if, on the evidence, the action is maintainable, the cause to stand for trial, otherwise a nonsuit to be entered.

*Vose, North & Fales*, for defendant.

*Bradbury & Morrill*, for plaintiff.

RICE, J. — This action is founded on § 5, c. 29, R. S. This section provides that when the occupants or owners of adjacent lands cannot agree respecting their rights in partition fences, and their obligations to maintain the same, on application of either party to two or more fence viewers of the town, where the lands lie, said fence viewers after reasonable notice to each party, may in writing, under their hands, assign to each party his share thereof, and limit the time within which each party shall build or repair his part of the fence, not exceeding six days, as is provided in the

third section of this chapter. Such assignment and all other assignments of proprietors of partition fences, provided for in this chapter, being recorded in the town clerk's office, shall be binding upon the parties, and all who may afterwards occupy the lands.

Where there is no prescriptive agreement, or statute assignment, no tenant is bound to fence against an adjoining close; but in such case, there being no fence, each owner is bound, at his peril, to keep his cattle on his own close. *Little* v. *Lothrop*, 5 Maine, 356.

When a statute gives a new right, and prescribes the remedy, that remedy, to be available, must be strictly pursued.

The right to compel an adjoining proprietor or occupant to build and maintain a portion of the partition fence, or to pay for such portion, if built by a co-terminous proprietor, is derived from the statute. Before such right can be enforced, all the requirements of the statute must be complied with. To make the assignments of proprietors of partition fences, provided for in c. 29, binding, they must be recorded in the town clerk's office. This was not done by either of the parties in this case, and for that reason the action cannot be maintained.        *Plaintiff nonsuit.*